**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| NEWSGUARD TECHNOLOGIES, | |
| *Plaintiff-Appellant*, | |
| v. | No. 26-5138 |
| FEDERAL TRADE COMMISSION and ANDREW N. FERGUSON, in his official capacity as Chairman of the Federal Trade Commission, | |
| *Defendants-Appellees*. | |

## <u>APPELLANT'S MOTION TO EXPEDITE</u>

Plaintiff-Appellant NewsGuard Technologies, Inc. moves under Fed. R. App. P. 27 and D.C. Circuit Rule 47.2(a) and 28 U.S.C. § 1657 for an order expediting this appeal from the denial of its motion for preliminary injunction. Good cause exists to expedite this appeal because this case concerns ongoing government retaliation, coercion, and intrusion directed at NewsGuard's exercise of its First Amendment rights. In light of the district court's denial of preliminary injunctive relief resulting from misreading First Amendment doctrine, NewsGuard will continue to suffer irreparable constitutional injury while this litigation proceeds in the ordinary course absent expedited review.

1

To protect its First Amendment rights, NewsGuard proposes the following schedule:

> Appellant's Opening Brief: June 30, 2026
>
> Appellees' Opening Brief: July 21, 2026
>
> Appellant's Reply Brief: August 7, 2026
>
> Oral Argument: as early as the Court's schedule permits.

In support, NewsGuard states as follows:

1. This appeal presents urgent First Amendment issues. NewsGuard is a private journalistic organization that evaluates the reliability of online news sources using transparent, nonpartisan journalistic criteria, and publishes a daily newsletter and special reports to the public on topics related to misinformation and disinformation. The FTC, under Chairman Andrew Ferguson, has targeted NewsGuard because of disagreement with NewsGuard's editorial judgments and the perceived viewpoint implications of those judgments.

2. NewsGuard sought preliminary injunctive relief to prevent the FTC from continuing a campaign that includes, among other things, the use of a merger consent order to pressure some of the world's largest advertising companies away from using services like NewsGuard's

and, until several weeks ago, an extraordinarily broad Civil Investigative Demand.

3. The FTC's Civil Investigative Demand was not an ordinary investigative request. It demanded vast categories of documents concerning NewsGuard's ratings, methodology, work product, editorial decision-making, communications, customers, analyses, financial information, and journalism. The CID reached back to January 1, 2018—effectively NewsGuard's entire existence—and sought materials at the core of NewsGuard's First Amendment-protected activity, including materials relating to its reporting, sources, editorial judgments, and customer relationships. NewsGuard's legal expenses alone in responding to the CID exceeded 30 percent of its revenue from the advertising industry, which does not account for other costs including productivity and business opportunities. Although the FTC notified NewsGuard on April 16th while this litigation was pending that it was withdrawing the CID, there is nothing to prevent the FTC from reissuing it, or issuing another similarly overbroad CID, at any time.

4. The FTC's retaliatory actions also include the Omnicom-IPG Consent Order, which restricts the merged entity and its affiliates from using third-party services that evaluate the "veracity of news reporting" and

"adherence to journalistic standards or ethics." That condition targets the very kind of service NewsGuard provides and operates as an intermediary-based effort to suppress or penalize NewsGuard's protected expression.

5. These actions are inflicting ongoing constitutional harm. NewsGuard is subject to continuing government pressure, faces compelled disclosure of sensitive journalistic and associational materials, and is being harmed in the marketplace for news and information by a federal agency's effort to stigmatize and isolate it because of its editorial judgments.

6. Expedited review is warranted because this appeal directly concerns rights secured by the First Amendment and the factual circumstances demonstrate the need for prompt resolution. The ordinary appellate schedule would allow the ongoing constitutional injuries to persist for many months before this Court can resolve whether preliminary relief is required.

7. The Supreme Court and this Court have repeatedly recognized that the loss of First Amendment freedoms, even for short periods of time, constitutes irreparable injury. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Karem v. Trump*, 960 F.3d 656, 667 (D.C. Cir. 2020); *Pursuing*

*Am.'s Greatness v. Fed. Election Comm'n*, 831 F.3d 500, 511 (D.C. Cir. 2016).

8. That principle applies with particular force here. NewsGuard alleges that a federal enforcement agency is using compulsory investigative authority and regulatory leverage to retaliate against and burden a private journalistic organization because of the agency's disagreement with NewsGuard's editorial judgments. *See, e.g.*, *Media Matters for Am. v. Paxton*, 732 F. Supp. 3d 1 (D.D.C. 2024) (entering preliminary injunction blocking FTC's retaliatory investigation), *aff'd*, 138 F.4th 563, 569 (D.C. Cir. 2025). The First Amendment does not permit the government to punish or coerce private speakers because officials dislike their speech, nor may the government accomplish indirectly through intermediaries what it cannot do directly. *See Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 189–91 (2024); *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 67–72 (1963).

9. Nor is this case merely about financial or reputational injury. The government's actions strike at NewsGuard's ability to make editorial judgments and provide opinions about newsgathering and the spread of misinformation by publishing public reports, newsletters and other news reporting free from government retaliation, intimidation, or

coercive interference. It also interferes with readers' and customers' ability to receive NewsGuard's journalism and evaluation of news sources. These are precisely the kinds of injuries for which expedited appellate review is appropriate.

10. Expedited review will not prejudice Appellees. The issues were fully briefed in the district court on NewsGuard's preliminary injunction motion. The record relevant to preliminary relief is already developed, and the appeal concerns a discrete order denying preliminary injunctive relief. The government is fully familiar with the issues, the factual record, and the legal authorities.

11. NewsGuard respectfully requests an expedited briefing and argument schedule that will permit this Court to decide the appeal promptly.

12. Counsel for NewsGuard has conferred with counsel for Appellees. Appellees oppose this motion and have indicated that they intend to file a response.

13. For these reasons, good cause exists to expedite this appeal. NewsGuard respectfully asks the Court to grant this motion and enter the proposed expedited briefing and argument schedule, or such other expedited schedule as the Court deems appropriate.

Dated: May 28, 2026

Respectfully Submitted,

/s/ Robert Corn-Revere
Robert Corn-Revere
  (D.C. Bar No. 375415)
James C. Grant
  (WA Bar No. 14358)
Sara E. Berinhout
  (MA Bar No. 703217)
 Samuel Rudovsky
  (PA Bar No. 335724)
  Not Admitted to the D.C. Bar. D.C.
  Practice limited to U.S. federal courts
  and related matters under D.C. Ct. App.
  R. 49(c)(3).
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, DC 20003
(215) 717-3473
bob.corn-revere@fire.org
jim.grant@fire.org
sara.berinhout@fire.org
sam.rudovsky@fire.org

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limits of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 967 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office 365 in 14-point Times New Roman.

/s/ Robert Corn-Revere
Robert Corn-Revere

*Counsel for Plaintiff-Appellant*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2026, I electronically filed the foregoing document using this Court's CM/ECF system. All parties in this case are represented by counsel who are registered CM/ECF users, and service of this document will be accomplished by the CM/ECF system.

/s/ Robert Corn-Revere
Robert Corn-Revere

*Counsel for Plaintiff-Appellant*